SAMUEL DUBOWY, PLAINTIFF-APPELLEE, v. JACOB BEAN AND LOUIS SILPE, DEFENDANTS-APPELLANTS.

Argued October term, 1925—Decided March 18, 1926.

Sale of Real Estate—Broker's Commission—Contract Not in Writing—Defendant Under No Legal Duty to Purchase Through Plaintiff—Loss of Sale One of the Ordinary Hazards of Business Dealings.

Before Justices PARKER, MINTURN and BLACK.

For the defendants-appellants, *Philip J. Schotland.*

For the plaintiff-appellee, *Milton M. Unger.*

PER CURIAM.

This action was tried in the Second District Court of Newark, without a jury, and judgment was rendered for the plaintiff in the sum of $300.

The plaintiff, a real estate broker, was orally authorized by one Jacob Ring to sell the latter's house, the said Ring agreeing to pay, as commission, such part of the selling price obtained by the plaintiff as might exceed the sum of $13,000.

The plaintiff negotiated with the defendant Jacob Bean for the sale of the house. Bean offered a sum in excess of $13,000, but this proposal was never consummated. Bean subsequently purchased the house from one Louis Silpe for .

Supreme Court—Dubowy v. Bean.

$13,200, the latter having bought direct from the owner for $13,000. The plaintiff brought this action against Bean and Silpe, alleging conspiracy in defrauding him of commissions.

The defendants contended that on the law and the facts, the judgment should have been in their favor, and in this contention we think they are correct. In many particulars the case is not unlike that of *Resky* v. *Meyer,* 98 *N. J. L.* 168.

The defendant Bean was under no legal duty to purchase the property through the plaintiff, as an intermediary. If he could purchase at a lower price, either directly or indirectly, he had a legal right to do so. The loss of the prospective sale was an ordinary hazard of business dealings, and in any event the broker could have protected himself by a special contract with the owner.

The judgment should be reversed.